RECEIVED

2005 MAR 10  P 3: 18

DEBRA P. HACKETT, CLK.
MIDDLE DISTRICT ALA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JOHN WILLARD CLEWIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | Case No. 2:05cv230-W |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **GERALD HELMS, BEN C. REEVES, JR.,** | § | |
| **in his official capacity as District Attorney** | § | |
| **for Barbour County, Alabama, and** | § | |
| **BURT SMITHART, in his official capacity** | § | |
| **as Circuit Judge for the Circuit Court of the** | § | |
| **Third Judicial Circuit, Barbour County,** | § | |
| **Alabama.** | § | |
| | § | |
| **Defendants.** | § | |

## COMPLAINT

COMES NOW the Plaintiff John Willard Clewis, by and through his attorneys, Alvin T. Prestwood and Tara S. Knee, and states his Complaint against the Defendants as set forth herein below.

### VENUE AND JURISDICTION

1. Venue and jurisdiction are established under 28 U.S.C. §1331 and 28 U.S.C. §1343. Jurisdiction of the state law claim is also permitted due to the Court's ancillary, or pendent jurisdiction under 28 U.S.C. §1367. Jurisdiction is also allowed due to diversity of citizenship. 28 U.S.C. §1337.

### PARTIES

2. The Plaintiff, John Willard Clewis is a resident of Panama City, Florida and is over the age of nineteen (19) years.

3.  Defendant Gerald Helms is a resident of Barbour county, Alabama and is over the age of nineteen (19) years and was at all time is relevant to the action giving rise to this Complaint.

4.  Defendant Burt Smithart is a resident of Alabama and is over the age of nineteen (19) years and was at all times relevant to the actions giving rise to the Complaint. The Defendant Smithart served as Circuit Judge of the Circuit Court of the Third Judicial Circuit, Barbour County, Alabama, at all times relevant to the issues raised in this Complaint and still serves in that capacity. The Defendant Smithart is sued only in his official capacity as Circuit Judge of the Third Judicial Circuit, Barbour County, Alabama. At all times relevant to the issues herein, the Defendant Smithart acted under color of state law.

5.  Defendant Ben C. Reeves, Jr. is a resident of Alabama and is over the age of nineteen (19) years and was at all times relevant to the actions giving rise to the Complaint. The Defendant Reeves served as Deputy District Attorney for the Third Judicial Circuit, Barbour County, Alabama, at all times relevant to the issues raised in this Complaint, and since January, 2005, has served as District Attorney for the Third Judicial Circuit, Barbour County, Alabama. The Defendant Reeves is sued only in his official capacity as District Attorney for the Third Judicial Circuit, Barbour County, Alabama. At all times relevant to the issues herein, the Defendant Reeves acted under color of state law.

## FACTS GIVING RISE TO CAUSES OF ACTION

6.  The Plaintiff and Defendant Helms, on or about February 9, 2004, had an altercation in Barbour County, Alabama in which the Defendant Helms was the aggressor. The Plaintiff's hand was seriously and permanently injured by Defendant Helms, who threatened with a large board in his assault. Subsequent to the altercation of February 9, 2004, the Defendant Helms

has acted in concert with the Defendants Smithart and Reeves, who acted under color of state law.

7.   On or about February 17, 2004, Defendant Helms appeared before an official of the Barbour County District Court. A Warrant and Affidavit and Warrant of Arrest were issued and later executed against the Plaintiff for "intent to cause physical injury to him," or assault in the third degree.

8.   On or about February 20, 2004, the Plaintiff appeared before an official of the Barbour County District Court. A Warrant and Affidavit and Warrant of Arrest for "intent to cause physical injury" and "caused physical injury to him", or assault in the third degree against the Defendant Helms were issued, but were apparently never served.

9.   On or about April 15, 2004, the Plaintiff was tried in the District Court of Barbour County and found guilty of assault in the third degree before the Honorable Robert L. Bowden, District Judge, despite the evidence that the Plaintiff had acted in self defense during the altercation on February 9, 2004. At the time that Judge Bowden issued the judgment of guilt, however, he questioned whether prosecution had been commenced against the Defendant Helms. Judge Bowden was informed that a warrant had been issued and prosecution begun, but that the district attorney's office had apparently delayed the arrest because it asserted that it did not prosecute "cross warrants."

10.   This matter was appealed to the Circuit Court of Barbour County. On or about August 3, 2004, the Plaintiff was tried before a jury of his peers and was acquitted of all charges. That verdict necessarily included a determination that the Defendant Helms was the aggressor in the altercation of February 9, 2004, and that the Plaintiff had acted in self defense. When the

-3-

case on appeal was called for trial, Judge Smithart inappropriately warned the attorneys for the Plaintiff that, since Mr. Clewis has already been found guilty in district court, he would sentence Mr. Clewis to imprisonment if the jury returned a verdict of guilt. Counsel for Mr. Clewis then presented to the Court some authority for the fact that those threats were improper. Since the jury found Mr. Clewis to be innocent, the issue of Judge Smithart's threat never came to fruitation.

11. On June 9, 2004, the Plaintiff filed a petition for writ of mandamus to have a writ of arrest issued for Defendant Helms, since the Defendant Reeves, acting through Boyd Whigham, District Attorney of Barbour County, would not authorize an arrest because he claimed that he did not prosecute "cross-warrants," and had moved to nol pross the pending case against the Defendant Helms. Judge Bowden recused himself from presiding over the case at this point. The Defendants Helms and Reeves worked in concert to deprive the Plaintiff of his constitutional rights to equal protection of the laws under the Fourteenth Amendment to the United States Constitution and under the due process clauses of the Alabama Constitution of 1901.

12. On or about August 23, 2004, Judge Burt Smithart, also a Defendant, denied the petition for writ of mandamus, stating that the situation was now a civil matter, and he barred further criminal action against the Defendant Helms. Defendant Smithart worked in concert with the other Defendants to continue to deprive the Plaintiff of his constitutional rights to equal protection of the laws under the Fourteenth Amendment to the United States Constitution and under the due process clauses of the Alabama Constitution of 1901. The rights of the Plaintiff to equal protection of the laws existed because he was a resident of the State of Florida, and

was entitled to the same protection in Alabama as he would have had as a citizen of the state of Alabama. Instead, the Plaintiff was subjected in Barbour County, Alabama, to what lawyers frequently refer to as "home cooking."

### COUNT ONE
### EQUAL PROTECTION OF THE LAWS

13. The Plaintiff reasserts and realleges the allegations of Paragraphs 1 through 12 hereof the same as if set out herein in full.

14. The Defendants have deprived the Plaintiff of his rights under the Fourteenth Amendment of the United States Constitution in that the treatment he received was not equal to the treatment received by the residents of Barbour County, Alabama. In causing that deprivation, the Defendant Helms has acted in concert with the Defendants Smithart and Reeves who, in turn, where acting under color of state law, usage, or custom. The Plaintiff brings this COUNT ONE pursuant to the provisions of 42 U.S.C. §1983. He belongs to the class of non residents who appear before the courts in the state of Alabama, and who are subjected to adverse and unequal treatment because of their residences.

15. The Plaintiff prays for damages against the Defendant Helms in the amount of Seven Hundred Fifty Thousand and 00/100 ($750,000.00) plus attorney fees, interests, and costs, and for some relief against the Defendants Smithart and Reeves to which he may be entitled, and for which they are not protected by the defenses of judicial and prosecutorial immunity.

## COUNT TWO
## STATE DUE PROCESS OF LAW

16.   The Plaintiff reasserts and realleges the allegations of Paragraphs 1 through 12 hereof the same as if set out herein in full.

17.   The Defendants have deprived the Plaintiff of his rights under Article I, Sections 6 and 13 of the Alabama Constitution of 1901 in that the treatment he received as a non-resident was arbitrary, unreasonable and capricious, and not consistent with the treatment received by the Defendant Helms, a resident of Alabama.

18.   The premises considered, the Plaintiff prays for damages against the Defendant Helms in the amount of Seven Hundred Fifty Thousand and 00/100 dollars ($750,000.00), and for all relief against Defendants Reeves and Smithart to which he may be entitled and for which said Defendants are not protected by principles of judicial and prosecutorial immunity.

## COUNT THREE
## ASSAULT AND BATTERY

19.   The Plaintiff reasserts and realleges the allegations of Paragraphs 1 through 12 hereof the same as if set out herein in full.

20.   On or about February 9, 2004, Defendant Gerald Helms committed an aggravated assault and battery on the Plaintiff by physically injuring the Plaintiff while he was conducting business in Barbour County, Alabama.  As a direct result of the assault and battery, the Plaintiff sustained a serious and permanent injury to his hand, and has lost the partial use of his hand.

21.   The Plaintiff claims of the Defendants the sum of Seven Hundred Fifty Thousand and 00/100 dollars ($750,000.00) plus attorney fees, interests, and costs, and all other forms of relief to which he may be entitled.

## JURY DEMAND

22.    The Plaintiff hereby requests a trial by struck jury upon all issues triable by a jury.

Respectfully submitted this _10_ day of March, 2005.

Alvin T. Prestwood (PRE004)
Tara S. Knee (KNE003)
William L. Rodgers, Jr. (ROD016)
Attorneys for the Plaintiff

OF COUNSEL:
**PRESTWOOD & ASSOCIATES, P.C.**
350 Adams Avenue - P.O. Box 1910
Montgomery, AL 36102-1910
Telephone: (334) 264-6401
Facsimile: (334)834-4954